

RECEIVED
APR 2 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Steven George Fair Sovereign
Posterity by blood descent
1.3 miles South East Dodge Park
Sandy River, Herrick Trail
Sandy
Oregon
    Post:  c/o post master General
           Sandy general delivery
           Sandy I.M.M. 122.1
           Oregon

FAX FILED
MAR 2 3 2006
CLERK
U.S. BANKRUPTCY COURT
By _____
DEPUTY CLERK

Bankruptcy Court for the united States of America
Anchorage Alaska

In Re:                    )
                        )    Case No.:05-01457 DMD
Norbert Lee Hart      )    Chapter 7
                        )
       Debtor    )
_____)

**Rule 8003. Leave to Appeal** [district court for the united States of America, Alaska]

1.    Creditor was out-of-state and did not receive JUDGMENT REGARDING OBJECTION TO PROOF OF CLAIM, until March, 23rd, 2006.

2.    Within ORDER REGARDING OBJECTION TO PROOF OF CLAIM Dated March 15, 2006, the bankruptcy court did error in specific performance to the Law and Facts of the matter, EQUITY REPAYMENT AGREEMENT, August 7th, 1989. The meeting of the minds to reach agreed contract's intent was to insure Creditor the 'value' of his improvements up to January 25th, 1986 in no more than 15 years, January 1, 2004 federal reserve note tally. The contract expressed two options, one of which expired on January 1, 2004. The second secured Creditor's January 25th, 1986 'value' "...*present condition*..." in January 1, 2005 federal reserve note tally. JUDGMENT REGARDING OBJECTION TO PROOF OF CLAIM is exterior of the Law of the Matter EQUITY REPAYMENT AGREEMENT, and a breach of specific performance to contract. Witness Julie Richardson Hart testified to the intent of the contract to secure Creditor

because of a falling real estate market in 1988 in the value of his improvements prior to Trust Deed January 25th 1986 within, or at 15 years; because real estate markets are cyclical. Creditor testified to the intent of the contract to level the field of cyclical real estate markets. The facts and law of the matter are stated in error by the bankruptcy court.

3. Did the bankruptcy court error, in breach of specific performance to contract EQUITY REPAYMENT AGREEMENT, August 7th, 1989:

    a.) by disallowing "... *present condition*...*August 7th, 1989.*" in disallowing Creditor's $56,693.65 claim ?

    b.) by failing to reinstate Trust Deed, dated January 25th, 1986, because there was no meeting of the minds to reach agreement to endorse Trust Deed, January 25th, 1986 between Creditor and debtor ?

    c.) by allowing expired option #1, which existed prior to January 1, 2004 to weigh over option #2, 19.12% interest in 1989 *present condition*, as appraised on or before January 1, 2004 ?

    d.) by disallowing the affirmed word of the Sovereign ?

    e.) by disallowing the sworn word of witness Julie Richardson Hart ?

Remedy/Relief

    aa.) Creditor seeks reinstatement of disallowed $56,963.65 claim; and/or;

    bb.) Creditor seeks judgment of the court stating that EQUITY SHARING AGREEMENT is utterly null and void because Creditor and debtor never reached a meeting of the minds to come to agreement for enforceable contract, and:

    cc.) Creditor seeks appellate Order to the bankruptcy court stating, Trust Deed, January 25th, 1986, claim presented by Creditor in Objection to TRUSTEE'S OBJECTION TO CREDITOR NO.1'S CLAIM, shall be honored, in the debt amount $76,336.33 and/or;

dd.) Creditor seeks leave of this court to establish 'Counterclaim' breach of contract specific performance, fiduciary debt obligation in bankruptcy court at Article IV & VI, and Articles of Amendment I, IV, V, IX, X, & XIII, Original Trust A contract Constitution for the united States of America as endorsed by the Framers in A.D. 1787, in 'enfranchisee actor' trespass upon *Ashwander v. Tenn. Vly. Authority Doctrine Estoppel*, for raising a constitutional question against Grantor Steven George Fair, while the court was in receipt of grantee benefit of public Trust, office 'use', established in use=debt=trust, *Clearfield Trust Doctrine Estoppel*, as a federal territorial legislative corporate enfranchisee via the alleged 14th voluntary political act amendment, *Erie Railroad Doctrine Estoppel*; so as to revisit *the Reconstruction Acts of 1867 to present*, under *The State of Georgia v. Stanton 73 U.S. 50 (1867)* to establish that the Senate in 1865 did trespass upon Article II, sec. 2, presidential pardon to create an illegitimate democratic rebellion *legalizing* acts against the intent of the Framers and their Contract Constitution for the united States of America A.D. 1787; all of which has lead to a loss of substantive Endowment secured constitutionally in Steven George Fair without Article of Amendment V due process of law and compensation for a taking of the private property held in trust by said Original several State(s), including the right to several State Suffrage denied by the Senate in 1865/66/67 in trespass upon Article II, sec. 2, presidential pardon, and breach of Article V contractual intent of the Framers in their contract Constitution for the several States in illegitimate alienation of Unalienable Endowment, <u>unanimous declaration of the thirteen united States of America July 4th, 1776</u>.

4. Appeal should be granted because the Law and Facts of the action have been breached by the bankruptcy court's illegitimate order, and illegitimate judgment. Specific performance to EQUITY REPAYMENT AGREEMENT, the law of the action, either shall allow Creditor's original Claim, or shall construct Fact that no meeting of the minds

occurred between Creditor and debtor in EQUITY REPAYMENT AGREEMENT allowing the construction of Trust Deed to govern the debt created and claimed by Creditor. The Law of the Action is EQUITY REPAYMENT AGREEMENT, constructed on January 25th, 1986 Trust Deed. The bankruptcy court constructs Fact that there was never a meeting of the minds to reach agreement to endorse EQUITY REPAYMENT AGREEMENT. Under JUDGMENT REGARDING OBJECTION TO PROOF OF CLAIM; EQUITY REPAYMENT AGREEMENT is utterly nul and void for failure of debtor and Creditor to come to a meeting of the minds. Any ink scribble alleged to endorse EQUITY REPAYMENT AGREEMENT is without authority in breach under JUDGMENT REGARDING OBJECTION TO PROOF OF CLAIM. In rem, contract law establishes the Law upon which the court may judge; the court did error and enter judgment exterior of contract EQUITY REPAYMENT AGREEMENT, thereby bringing about the obligation of specific performance to January 25th, 1986 TRUST DEED, Hart/Fair as recorded in the Kenai recording district.

5.   A genuine risk is established that the enfranchisee actors for the bankruptcy court may demand the Sovereign bring counterclaim as stated in point 4. above. The presumption lies that said actors will attempt to use silent judicial notice to enfranchise the Sovereign covertly to gain an unfair advantage. The presumption under *Ashwander*, *Clearfield*, and *Erie*, lies that said illegitimate assault on the contract constitution(s) is attempted with knowledge by the actor in office, even color of office, reverse illegitimate presentment by *Erie* alleging corporate character, illegitimate presentment of voluntary 'use' of the benefits of Northern Senate Rebellion of 1865 against President Lincoln presidental pardon, Article II, sec. 2, *Clearfield*, to allege *"beneficiary"* cannot raise constitutional question against benefactor *'Northern Senate Rebellion'* while in receipt of benefit, *Ashwander Doctrine*. Counterclaim lies against the enfranchisee's in illegitimate qualified immunity for trespass upon estoppel in high office, high knowledge, high education, and high fiduciary debt obligation in public Trust.

Done and dated this 23rd day of the 3rd month A.D. 2006

*Steven George Fair*
Sovereign, Posterity by blood descent

### Certificate of Service

Creditor certifies to the court that he did fax a copy of Notice of Appeal, and Rule 8003 Leave to Appeal to the law office of Gary Spraker, and further that Creditor did place in the post a true, correct, complete, and certain copy of said Notice of Appeal and Leave to Appeal to the court and mr. spraker on the 24th day of the 3rd month A.D. 2006 by the post office, first class postal matter:

Gary Spraker
911 West 8th Ave. ste. 201
Anchorage, Alaska, 99501

Done and dated this 24th day of the 3rd month A.D. 006

_____

Steven George Fair, Creditor
Sovereign, Posterity by blood descent