F I L E   C O P Y

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California     (626) 229-7220
Appeals from all other Districts   (626) 229-7225

RECEIVED
APR 2 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

RE: NORBERT LEE HART

Appellant: Steven George Fair

BAP No: AK-06-1126

BK. NO: 05-01457DMD                              ADV. No(s):

OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy Appellate Panel (BAP) and assigned the case number above. All pleadings filed with the BAP should be in the form of an original and three copies.

The BAP docket and other court information is available through the National PACER system. http://pacer.bap09.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the BAP. Appeals are also governed by Parts VIII and IX of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), the Federal Rules of Appellate Procedure (F.R.A.P.) and the local rules of the Ninth Circuit (Circuit Rules). See 9th Cir. BAP Rule 8018(b)-1.

Pursuant to 9th Cir. BAP Rule 8001(a)-1, please immediately send the BAP Clerk a copy of the signed and entered order or judgment being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is compliance with F.R.B.P. 8006 and 8007, which require Appellant to file within 10 days in the bankruptcy court a designation of record, statement of issues on appeal, and a notice regarding the ordering of transcripts. Under these rules Appellee may also file a supplemental designation of record and order transcripts. The party ordering the transcripts must make satisfactory arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with the bankruptcy court a notice stating that none are required. See also 9th Cir. BAP R. 8006-1.

The parties should note that the designation of record under F.R.B.P. 8006 is a necessary procedural step in prosecuting an appeal and the parties may not later include in their excerpts of the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8007(a), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk. This triggers the issuance of the briefing schedule by the BAP Clerk. The briefing schedule contains time deadlines and instructions regarding filing of briefs. However, the parties should be aware that the time periods set forth in the briefing schedule are relatively short and extensions of time greater than 15 days are generally granted only based on a showing of good cause. See F.R.B.P. 8009 and 9th Cir. BAP R. 8009(a)-1.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request to change time and place are rarely granted.

### CERTIFICATE OF MAILING

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was mailed this date to all parties of record to this appeal.

By: Elaine Lewis

Deputy Clerk: April 10, 2006

F I L E   C O P Y

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California   (626) 229-7220
Appeals from all other Districts  (626) 229-7225

TO:        Clerk, Bankruptcy Court

DEBTOR(S): STEVEN GEORGE FAIR

BAP NO.:   AK-06-1126

BK. NO.:   05-01457DMD                    ADV. NO.:

INTERNAL BK. CT. NO.:

The Bankruptcy Appellate Panel has received and docketed the notice of appeal. The BAP case number is indicated above for your information.

If completion of the record has been delayed, please advise us as to the cause of the delay by completing the following checklist and sending a copy of this letter back to us:

IF THE RECORD ON APPEAL IS COMPLETE, PLEASE SEND THE CERTIFICATE OF READINESS

　　　Harold S. Marenus, BAP Clerk

By: Elaine Lewis
    Deputy Clerk

    Date: April 10, 2006

A) REASONS WHY THE RECORD HAS NOT BEEN COMPLETED. THE FOLLOWING
   ITEMS HAVE NOT BEEN FILED:
   1. _____ No Filing Fees paid
   2. _____ No Designation of Record
   3. _____ No Statement of Issues
   4. _____ No Notice Regarding the Transcript
   5. _____ No Reporter's Transcript(s)
              Reporter name:_____
                     phone:_____
              Judge:_____
              Transcript date(s):_____
   6. _____ No Transcript Fees paid
   7. _____ Extension of Time Granted to Reporter:
              New deadline:_____
   8. _____ Other:_____

B) DEPUTY CLERK PROCESSING THIS APPEAL
   1. Name:_____
   2. Phone:_____
   3. Date:_____